**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 2 2016

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32245 |
| | ) | |
| Karena M. Wallace, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION**
**REGARDING MOTION OBJECTING TO EXEMPTION**

This case is before the court on the Chapter 7 Trustee's Motion Objecting to Exemption [Doc. # 18] and Debtor's response [Doc. # 25]. The Trustee objects to Debtor's homestead exemption claimed under Ohio Revised Code § 2329.66(A)(1) in real estate located at 1419 Sherman St., Toledo, Ohio. The court held a hearing on the Motion that the Trustee, Debtor and Debtor's counsel attended in person and at which the parties presented testimony and other evidence in support of their respective positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine objections to exemptions are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(B).

Having considered the briefs and arguments of counsel and having reviewed the record in this case,

for the reasons that follow, the court will grant the Trustee's motion.

## FACTUAL BACKGROUND

In 2007, Debtor's grandmother executed and recorded in the County Recorder's office in Lucas County, Ohio, a transfer on death deed with respect to property located at 1419 Sherman Street, Toledo, Ohio. [Trustee's Ex. 1]. The deed designated Debtor as the transfer on death beneficiary. [*Id.*]. Her grandmother died on June 11, 2015. Debtor did not learn of the transfer on death deed until after her grandmother's death. An Affidavit of Confirmation stating that Debtor survived her grandmother's death was filed in the Lucas County Recorder's office on July 7, 2015. Debtor filed her Chapter 7 bankruptcy petition on July 8, 2015. As stated on her petition, at the time of filing, she lived at 631 Nicholas Street, Toledo, Ohio.

Debtor did not obtain possession of the Sherman Street property until some time in July 2015 after the Affidavit of Confirmation was filed. After obtaining possession, Debtor began preparing to move into the Sherman Street home. Her preparations took several weeks and included packing her grandmother's personal belongings, repairing or replacing dry wall and the kitchen floor, painting, and general cleaning. Shortly before the meeting of creditors that took place on September 2, 2015, Debtor moved into the Sherman Street home.

Debtor did not list the Sherman Street property on her original schedules A and C filed with her petition. On October 1, 2015, Debtor filed amended Schedules A and C to include the Sherman Street property as an asset of the bankruptcy estate and to claim a homestead exemption in that property pursuant to Ohio Revised Code § 2329.66(A)(1). The Trustee timely filed an objection to that exemption.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in Ohio for more than the 730 days preceding the date of the filing of her petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011). The standard of proof is by a preponderance of the evidence. *In re Roselle*,

274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor, "and that any doubt in interpretation should be in favor of granting the exemptions." *In re Wengerd,* 453 B.R. at 246-47. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St.298, 301(1863)("The [homestead] act should receive as liberal a construction as can fairly be given to it."].

In this case, the Trustee objects to the homestead exemption in the Sherman Street property that is claimed by Debtor under Ohio Revised Code 2329.66(A)(1). Under this statute, a person may exempt "the person's interest," not to exceed $132,900, "in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code § 2329.66(A)(1)(b). A debtor's right to an exemption is determined as of the date the debtor files for bankruptcy relief. *In re Wengerd*, 453 B.R. at 250.

To be entitled to the homestead exemption under Ohio law, a debtor must have an "interest" in the property and must use the property as a residence. Ohio Rev. Code 2329.66(A)(1). Under the version of Ohio Revised Code § 5302.22 in effect at the time Debtor's grandmother executed and recorded the transfer on death deed,[1] "upon the death of the grantee, the [transfer on death] deed vests the interests of the decedent in the beneficiary or beneficiaries." Ohio Rev. Code § 5302.22(A) (2007). Because Debtor's grandmother died prepetition, Debtor had an interest in the Sherman Street property on the date she filed her bankruptcy petition. The Trustee contends however that the exemption does not apply to the property because Debtor did not reside in the property on the date of filing. Debtor argues that she is entitled to the exemption under a constructive occupancy theory since she was taking the necessary steps to move into the Sherman Street home before filing and did occupy the property within two months after filing.

Although the phrase "uses as a residence" is not defined in the Ohio exemption statute, courts have interpreted the provision to mean that the property must be occupied and used as a home by the person claiming the exemption. *See, e.g., In re Aubiel*, 516 B.R. 476, 480 (Bankr. N.D. Ohio 2014), *aff'd In re Aubiel*, 534 B.R. 300, 304-05 (B.A.P. 6th Cir. 2015); *In re Kimble*, 344 B.R. 546, 555 (Bankr. S.D. Ohio 2006). In liberally construing the exemption statute, courts have recognized that the Ohio homestead

---

[1] Ohio Revised Code § 5302.22 was amended in 2009 to provide for the transfer of real estate on the owner's death to be effected by affidavit rather than by deed. However, the amendment does not affect any transfer on death deed executed before the December 28, 2009, effective date of the amendment. Ohio Rev. Code § 5302.24.

exemption is available where the debtor constructively occupied the home. *In re Felgner*, No. 11-32274, 2011 WL 5056994, *4, 2011 Bankr. LEXIS 4118, *10-12 (Bankr. N.D. Ohio Oct. 24, 2011) (citing cases).

However, constructive occupancy under Ohio exemption law is generally limited to those situations where a debtor previously occupied the home but left it temporarily with no intent to permanently abandon the property. *See id.; Meadow Wind Health Care Ctr., Inc. v. McInnes*, No. 1999CA00338, 2000 WL 1055938, *4, 2000 Ohio App LEXIS 3415, *12-13 (Ohio App. July 24, 2000) (stating that Ohio law recognizes the allowance of a homestead exemption in situations where there has been a temporary removal but no intent to abandon the homestead); *In re Cameron*, 25 B.R. 119, 120 (Bankr. N.D. Ohio 1982) (finding that debtors constructively occupied their home on the date of filing their petition although they were not physically occupying the property because fire damage had made it uninhabitable but they had lived in the house prior to the fire and planned to and did return to it upon completion of repairs). This is consistent with the Ohio Supreme Court's interpretation of "homestead" in an earlier version of the Ohio exemption statute:

> The term 'homestead' therefore contemplates occupancy as a dwelling place, and therefore in order to hold a dwelling place as a 'homestead' it must at some time have been occupied as a home by one who claims the benefit of the exemption.
> . . . .
> Mere intention to occupy premises as a home at some future time without residence or occupancy is insufficient to establish a homestead.

*Mut. Bldg. & Inv. Co. v. Efros*, 152 Ohio St. 369, 372-73 (1949).

Applying these concepts, courts have also found that the mere intention to abandon property as a residence will not end the debtor's use of the property as a residence for purposes of § 2329.66(A)(1). *In re Cope,* 80 B.R. 426, 428 (Bankr. N.D. Ohio 1987); *In re Wengerd*, 453 B.R. at 249-50. "When residence has been established, it continues until the property is abandoned, which requires both the intent to abandon and actually leaving the premises." *In re Cope,* 80 B.R. at 428; *see In re Wengerd*, 453 B.R. at 249-50.

In this case, there is no evidence that Debtor previously used the Sherman Street home as a residence and then temporarily left the property with the intent to return. Rather, the evidence shows that Debtor did not even obtain possession of the Sherman Street home until after filing her bankruptcy petition. The fact that she formed a prepetition intention to occupy the home at some point in the future is insufficient to establish the property as her residence on the date of filing for purposes of § 2329.66(A)(1). Similarly, Debtor's intention to abandon the home on Nicholas Street where she resided on the date she filed her petition did not end her use of that property as a residence as she did not actually leave that property until

4

approximately two months later.

      For the foregoing reasons, the court finds that, on the date of filing her petition, Debtor used the Nicholas Street property as a residence, not the Sherman Street property, and the evidence does not support constructive occupancy of the Sherman Street property for purposes of § 2329.66(A)(1). The Trustee has met her burden of proving by a preponderance of the evidence that Debtor is not entitled to the claimed exemption under Ohio Revised Code § 2329.66(A)(1) in the Sherman Street property. The court will enter a separate order in accordance with this Memorandum of Decision.

###